**Cullen Reed PEPPERS, Plaintiff,**

v.

**Bobby F. COATES, Jr., et al.,
Defendants.**

**Civ. A. No. 1–85–CV–3430–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 30, 1988.

---

Pat M. Anagnostakis and Frank J. Beltran, Beltran & Buckley, Atlanta, Ga., for plaintiff.

Nina Perry, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

Defendants have renewed their motion for reconsideration of the Court's denial of summary judgment, claiming that the Court should have considered each individual's claim of qualified immunity rather than determining the question of immunity collectively. Also, two defendants, Francis and Williams, seek dismissal because they were never properly served as defendants. The Court will grant defendants Francis and Williams' motions to dismiss, but will deny the other defendants' motion for summary judgment.

*Service of Process*

■ Plaintiff admits that defendants Francis and Williams were never properly served with the summons and complaint. Apparently plaintiff served Bobby Coates ("Coates") as agent for them, but Coates was not a proper agent. Therefore, according to Rule 4(d), Fed.R.Civ.P., service was never perfected against the two. Now, three years after the case was filed, and almost one and a half years after plaintiff retained counsel in the case, plaintiff requests leave of the Court to serve defendants properly.

Rule 4(h) allows amendment of service of process "at any time in [the Court's] discretion and upon such terms as it deems just, ... unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Although it is unlikely that there would be material prejudice to defendants if plaintiff were allowed to correct the service of process, it would be unfair at this stage to allow plaintiff to correct a defect of his own making and of which he has had several years notice and opportunity to correct.

Plaintiff's counsel asks the Court to be lenient on plaintiff because he was *pro se* at the time he filed this suit. The Court agrees that *pro se* plaintiffs are given more leeway in conducting a lawsuit. *See generally Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). But *pro se* plaintiffs are not above the rules. And, given three years to correct the problem, the Court cannot say that the delay was reasonable. The most egregious example of disregard for the rules is the fact that plaintiff's counsel took no steps to correct the problem until the Court directed plaintiff to explain why the case should not be dismissed against the two defendants for improper service. *See* order dated June 18, 1987. Therefore, the case against defendants Francis and Williams will be dismissed.

*Qualified Immunity*

■ Next, the remaining five defendants have requested qualified immunity from having to defend this *Bivens* action. *Bi-*

*vens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). After considering each defendant's argument the Court must agree with its initial decision that, because credibility disputes cannot be resolved at summary judgment, the Court cannot find that defendants are immune.

Generally, qualified immunity is available for "... government officials performing discretionary functions ... [if] their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Court simply cannot determine the "objective legal reasonableness" of defendants' actions when what actions were taken is hotly disputed. *See Anderson v. Creighton,* —— U.S. ——, 107 S.Ct. 3034, 97 L.Ed. 2d 523 (1987).

Defendant Coates is the one defendant whose actions appear to be objectively reasonable. But plaintiff asserts that Coates did not simply allow the other defendants to use the office television, an objectively reasonable act, but that he also knew exactly what was going on and, as officer in charge, either approved or did nothing to stop the allegedly unconstitutional actions of his subordinates. To find liability under *Bivens* plaintiff must prove a direct action by each defendant. *Lojuk v. Quandt,* 706 F.2d 1456 (7th Cir.1983). The doctrine of *respondeat superior* does not apply in a *Bivens* action. *Id.* Although plaintiff may not be able to get past a motion for directed verdict on his allegations that defendant Coates took or failed to take any actions which resulted in a violation of plaintiff's constitutional rights, the Court at this stage cannot say that plaintiff has not raised a genuine issue of material fact as to Coates' liability.

Second, defendant Sexton allegedly participated in the arrest of plaintiff which plaintiff alleges resulted in his being beaten by the officers. Because there is a genuine issue as to whether Sexton participated in the use of excessive force and arrest without probable cause, the Court cannot find qualified immunity on his behalf.

Third, defendant Hinton argues that his only alleged violation was a failure to give plaintiff his *Miranda* rights. If this were true, there would be a close question as to Hinton's immunity from this lawsuit. But plaintiff asserts that Hinton also coerced plaintiff into signing a statement written and allegedly fabricated by Hinton and that he refused plaintiff's request for counsel. All of these allegations raise an issue of whether Hinton took actions in violation of clearly established constitutional rights.

Fourth, defendant Cozart was the alleged mastermind who devised the plan to arrest Ms. Ables and simulate the arrest of plaintiff. Also, plaintiff alleges that Cozart threatened plaintiff into helping in the arrest plan and into signing the statement written by Hinton. If plaintiff's allegations prove true, then Cozart has violated clearly established constitutional rights and he is not entitled to qualified immunity. Without a trial, the Court cannot determine whether Cozart's actions were objectively reasonable.

Finally, defendant Ewing's participation is alleged to have been similar to Cozart's in that Ewing allegedly helped to devise the scheme which plaintiff alleges involved the violation of his constitutional rights— unreasonable force, arrest without provocation, etc. Therefore, Ewing is not entitled to qualified immunity.

In short, whether considered collectively or individually, the facts are too much in dispute for the Court to decide whether any of the defendants' actions were objectively reasonable. It will be up to a jury to sort out the facts, make credibility decisions and determine whether any one individual or the defendants as a whole were at fault in this situation. Defendants' motion for reconsideration is DENIED; defendant Francis and Williams' motions for dismissal due to failure to serve under Rule 4(d), Fed.R. Civ.P. are GRANTED.