Tommie K. BROWN, Plaintiff,

v.

**CONSOLIDATED FREIGHTWAY,**
**Defendant.**

**Civ. A. No. 1:92–CV–1295–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 29, 1993.

Tommie K. Brown, pro se.

Ann Margaret Pointer, David Richard Kresser, Fisher & Phillips, Atlanta, GA, for defendant.

### ORDER

ROBERT H. HALL, District Judge.

After having carefully reviewed the record, and the Magistrate Judge's Report and Recommendation in this case, the Magistrate Judge's Report and Recommendation is received with approval and adopted as the opinion and order of the court. The defendant's motion for summary judgment is GRANTED; the defendant's motion to compel and for sanctions is DENIED AS MOOT.

SO ORDERED.

### MAGISTRATE JUDGE'S ORDER, REPORT AND RECOMMENDATION

HARPER, United States Magistrate Judge.

Presently before the undersigned are defendant's motion to dismiss or for summary judgment and for sanctions (Docket No. 10), and defendant's motion to compel discovery and for sanctions (Docket No. 11). For the reasons set forth below, the undersigned Magistrate Judge recommends that defendant's motion for summary judgment and for sanctions be GRANTED and orders that defendant's motion to compel and for sanctions be DENIED AS MOOT.

### DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND FOR SANCTIONS

On January 27, 1993, defendant filed a motion to dismiss, or in the alternative for summary judgment, and for sanctions pursuant to Federal Rule of Civil Procedure 11. Because resolution of the issues raised in defendant's motion requires the undersigned Magistrate Judge to examine proof outside the pleadings in this case, defendant's motion will be treated as a motion for summary judgment. The record in this case establishes that the Clerk of Court has properly informed plaintiff of the filing of a motion for summary judgment, of his duty to respond to such a motion, and of the consequences of his failure to respond. (Docket No. 10). Consequently, the undersigned Magistrate Judge finds that defendant's motion is now ripe for disposition.

In *Peppers v. Coates*, 887 F.2d 1493 (11th Cir.1989), the framework for the disposition of a summary judgment motion is set forth as follows:

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir.1987). The party moving for summary judgment is entitled to judgment as a matter of law if the nonmoving party fails to show sufficiently an essential element of the case to which the nonmoving party has the burden of proof. *Everett*, 833 F.2d at 1510.

Of course, we must view the evidence produced by Peppers, and all factual inferences arising from it, in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Everett*, 833 F.2d at 1510; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). However, when a motion for summary judgment is made and supported according to Rule 56, the nonmoving party's response must set forth specific facts showing a genuine issue for trial. Fed. R.Civ.P. 56(e). If the party's response consists of nothing more than a repetition of his conclusory allegations, the district court must enter summary judgment in the moving party's favor. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir.1981), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982).

*Peppers*, 887 F.2d at 1497.

■ Defendant's motion contends that because plaintiff did not file his complaint within the required 90 day period following his receipt of a right to sue letter from the Equal Employment Opportunity Commission (EEOC), his suit must be dismissed as a matter of law. *Citing*, 42 U.S.C. § 2000e–5(f)(1). As no genuine issue of material fact exists as to the issue of timeliness in this case, the undersigned Magistrate Judge finds that resolution of this issue is proper pursuant to a motion for summary judgment. For the reasons set forth below, the undersigned Magistrate Judge recommends that defendant's motion for summary judgment be GRANTED.

Plaintiff has filed the present employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). 42 U.S.C. § 2000e, *et seq.* 42 U.S.C. § 2000e–5(f)(1) provides in relevant part that:

> If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and *within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge* (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

(Emphasis added).

The notice provided by the EEOC to the complaining party is commonly referred to as a right to sue letter. It is the established authority of this circuit that the 90 day statute of limitations for filing suit commences upon the receipt of this letter by the complainant. *See, Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 522, 524 (11th Cir.1991). It is the equally well established authority of this circuit that federal complaints filed even one day after the expiration of this 90 day period are untimely and, accordingly, subject to dismissal pursuant to a motion for summary judgment. *Norris v. Florida Department of Health and Rehabilitative Services*, 730 F.2d 682 (11th Cir.1984); *Law v. Hercules, Inc.*, 713 F.2d 691 (11th Cir.1983).

The undisputed evidence in this case firmly establishes that plaintiff received and personally signed for his right to sue letter on March 3, 1992. (Docket No. 10, Exhibits C and D). Accordingly, plaintiff was required

to file any suit related to his EEOC complaint on or before June 1, 1992. Plaintiff, however, failed to file his complaint until June 2, 1992. As plaintiff has offered no reason for this court to engage in equitable tolling pursuant to *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the undersigned Magistrate Judge finds that the present action was untimely filed and must be dismissed pursuant to defendant's motion for summary judgment.

■ While the undersigned Magistrate Judge takes note of plaintiff's status as a *pro se* litigant, this status does not excuse plaintiff's failure to comply with the established statute of limitations for the filing of his action. *See, Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989), ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court"). Accordingly, the undersigned Magistrate Judge recommends that this court GRANT defendant's motion for summary judgment.

■ In its motion for summary judgment, defendant also seeks the imposition of sanctions against plaintiff pursuant to Federal Rule of Civil Procedure 11. Specifically, defendant requests this court to impose upon plaintiff the attorneys' fees and costs related to the preparation of its motion for summary judgment. For the reasons set forth below, the undersigned Magistrate Judge recommends that this portion of defendant's motion likewise be GRANTED.

Federal Rule of Civil Procedure 11 (Rule 11) provides that:

Signing of Pleadings, Motions, and Other Papers; Sanctions

Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

(As amended Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987, eff. Aug. 1, 1987).

As noted by the court in *Thomas v. Evans,* 880 F.2d 1235, 1239 (11th Cir.1989), *cert. denied,* 498 U.S. 901, 111 S.Ct. 261, 112 L.Ed.2d 218 (1990):

An attorney or a party may be sanctioned under Rule 11 for filing a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or, (3) is filed for an improper purpose. *See, United States v. Milam,* 855 F.2d 739, 742 (11th Cir.1988). The purpose of Rule 11 is to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Rule 11, Fed.R.Civ.P., advisory committee note.

The *Thomas* court then continued, noting:

Rule 11 sanctions are appropriate if the filing was unreasonable under the circumstances existing at the time of filing. *See, Donaldson v. Clark, supra,* 819 F.2d [1551] at 1556 [11th Cir.1987]. Rule 11 sanctions are not appropriate, however, merely because the pleader's view of the law is incorrect. Rule 11 contemplates "some prefiling inquiry into both the facts and law," but "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Rule 11, Fed.R.Civ. P., advisory committee note. *See also, Zaldivar v. City of Los Angeles, supra,* 780 F.2d [823] at 830 [9th Cir.1986] (granting summary judgment against the pleader is not dispositive of the issue of sanctions because the pleader is not required to be correct in his view of the law).

*Thomas,* 880 F.2d at 1240.

■ The provisions of Rule 11 apply to *pro se* litigants as well as attorneys. As noted by the court in *Patterson v. Aiken,* 111 F.R.D. 354, 355 (N.D.Ga.1986), *aff'd,* 841 F.2d 386 (11th Cir.1988):

> Therefore, Rule 11 imposes upon both attorneys and *pro se* litigants the burden of investigating both the factual and legal bases for the claims they assert in papers addressed to the court, and of ascertaining that there is a reasonable basis for maintaining the action or position taken in the papers. The language of Rule 11 represents a change from the prior law, which was that the attorney or party need only satisfy the court that he had a subjective good faith belief that his position was justifiable.

However, when evaluating applications for Rule 11 sanctions against *pro se* litigants, the court is required to consider the plaintiff's *pro se* status when determining whether or not the filing in question was reasonable. *See, Thomas,* 880 F.2d at 1240 (*citing, Patterson,* 841 F.2d at 387).

In this case, the undersigned Magistrate Judge, after careful consideration of the issues raised in defendant's motion as well as plaintiff's status as a *pro se* litigant, finds that the filing of plaintiff's complaint in this action was unreasonable for purposes of Rule 11. At the time plaintiff filed his complaint,

the unambiguous authority of this circuit established that employment discrimination complaints filed in this court 91 days or more after the receipt of a right to sue letter from the EEOC were time-barred. As noted by the court in *Patterson,* the fact that a plaintiff has a "mere belief" that his cause of action is valid is insufficient to satisfy the requirements of Rule 11, as "[c]ourts have a right to expect *pro se* plaintiffs to find clearly settled law which goes directly against them." *Patterson,* 111 F.R.D. at 357–58 (*citing, Snyder v. IRS,* 596 F.Supp. 240 (N.D.Ind.1984)).

Furthermore, the undersigned Magistrate Judge notes that defendant informed plaintiff of this timeliness deficiency both in a telephone conversation and in a subsequent letter. (Affidavit of Tillman Y. Coffey, hereinafter Coffey Aff., pp. 3–4). Defendant informed plaintiff that his voluntary dismissal of the action would save both defendant and himself time and money which would otherwise be expended in pursuing the action. (Coffey Aff. p. 3). Defendant also informed plaintiff that failure to voluntarily dismiss the action might result in the subjection of plaintiff to an order requiring his payment of defendant's cost. (Docket No. 10, Exhibit E). Despite this information, plaintiff informed defendant that he would not dismiss his action as he personally had no money and therefore had "nothing to lose." (Coffey Aff. p. 3).

It is an unsettled question of law whether an attorney or *pro se* litigant has a continuing duty under Rule 11, requiring the dismissal of an action which, although reasonable when filed, is revealed to be unreasonable during the course of discovery. The undersigned Magistrate Judge notes that several courts have granted Rule 11 sanctions based on a failure to voluntarily dismiss a case upon discovery that the action was unreasonable. *See, e.g., Flip Side Productions, Inc. v. Jam Productions Ltd.,* 843 F.2d 1024 (7th Cir.1988), *cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Patterson v. Alaska Airlines, Inc.,* 756 F.Supp. 476 (W.D.Wash.1990).

It is unnecessary, however, for the court to reach this difficult question in order to determine that Rule 11 sanctions are entirely appropriate in this case. Instead, the undersigned Magistrate Judge notes that plaintiff's statement that he intended to continue with his action despite the fact that it was clearly time-barred because he had "nothing to lose" indicates that the filing of a time-barred complaint in this action was not the result of a good faith attempt to extend or modify existing precedent or even a result of a misunderstanding of binding circuit precedent. Instead, this statement indicates that plaintiff had failed to research the issue of timeliness prior to filing his action. Accordingly, the undersigned Magistrate Judge finds that plaintiff has violated the dictates of Rule 11.

As noted above, defendant seeks attorneys' fees and costs related to the filing of its motion to dismiss or for summary judgment and sanctions. Such a sanction is clearly appropriate in this case. *See, Patterson,* 111 F.R.D. at 357. Accordingly, the undersigned Magistrate Judge recommends that the court grant defendant's motion for sanctions pursuant to Rule 11 and order plaintiff to pay defendant's attorneys' fees and costs reasonably incurred in the preparation of its motion to dismiss or for summary judgment and for sanctions. Pursuant to this recommendation, defendant is DIRECTED to file with the court and serve upon plaintiff an itemization detailing the time spent in bringing the motion in question and any costs and expenses incurred. This itemization shall be filed within twenty (20) days of the entry of this order, report and recommendation. Any response or objection by plaintiff to defendant's itemization of attorneys' fees and costs must be filed with the court within twenty (20) days of the service of defendant's itemization.

### *DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS*

Defendant has also filed a motion to compel discovery and for sanctions pursuant to Federal Rule of Civil Procedure 32 and 37 for plaintiff's failure to appear at his deposition scheduled for January 11, 1993. (Docket No. 11). Within this motion, defendant states that "the court need not consider this motion if it grants Consolidated's companion motion to dismiss filed this same date." (Docket No. 11, p. 1). Based upon the Magistrate Judge's recommendation above that defendant's motion for summary judgment be GRANTED, the undersigned Magistrate Judge ORDERS that defendant's motion to compel and for sanctions be DENIED AS MOOT. In the event that the recommendation of the undersigned Magistrate Judge is not adopted as the order of this court, defendant will be allowed to renew this motion.

IT IS SO ORDERED, REPORTED AND RECOMMENDED, this 1st day of March, 1993.