Leonard **DANIEL**, Plaintiff,

v.

**UNITED STATES of America; Drug Enforcement Administration; and Other Unnamed Individuals, Defendants.**

**Civ. A. No. 1:94–CV–1993–FMH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 31, 1995.

Leonard Daniel, Petersburg, VA, for plaintiff.

Lori Beranek, U.S. Attorney's Office, Atlanta, GA, for defendants.

### ORDER

HULL, District Judge.

This action is before the Court on Defendants' Motion to Dismiss [11–1]. Plaintiff brings this action alleging that Defendants unlawfully deprived Plaintiff of his truck in violation of Plaintiff's constitutional rights. Defendants are the United States of America, the Drug Enforcement Administration (the "DEA"), John Davis, John Thorpe, Andre Clark, and Ralph Bicknese. All Defendants join in this Motion to Dismiss contending that Plaintiff's Complaint should be dismissed on numerous grounds. Plaintiff has not filed a response to Defendants' Motion to Dismiss. Therefore, the Court grants Defendants' Motion to Dismiss based upon lack of service and sovereign immunity as unopposed pursuant to Local Rule 220–1(b)(1).[1] *See* LR 220–1(b)(1) NDGa.

Alternatively, due to Plaintiff's *pro se* status, the Court, in an abundance of caution, has examined the merits of all grounds asserted in Defendants' Motion to Dismiss. The Court finds that Defendants' Motion to Dismiss is meritorious and should be granted in any event for the reasons outlined below. The Court addresses first Plaintiff's claims against the United States, the DEA and Defendants Davis, Thorpe, Clark, and Bicknese in their official capacities.

---

1. Unlike a motion to dismiss founded upon a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss based upon lack of jurisdiction under Rule 12(b)(1) or insufficiency of service of process under Rule 12(b)(5) can be granted where the non-moving party fails to respond. *See* LR 220– 1(b)(1) NDGa. A motion to dismiss for failure to state a claim, however, should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama,* 30 F.3d 117, 120 (11th Cir.1994) (citation omitted).

## I. SUIT AGAINST THE UNITED STATES

In his Complaint, Plaintiff states that he brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Consistent with the Magistrate Judge's findings, the Court finds that all Defendants are federal actors, and thus, Section 1983 is unavailable to Plaintiff. Therefore, the Court treats Plaintiff's Complaint as one brought under *Bivens*.

▇▇ As mentioned above, Plaintiff brings this action against Defendants United States of America and the Drug Enforcement Administration, as well as, Defendants Davis, Thorpe, Clark and Bicknese. To the extent Plaintiff sues Defendants Davis, Thorpe, Clark and Bicknese in their official capacities, that portion of Plaintiff's action is really against the United States. *See Dugan v. Rank*, 372 U.S. 609, 619–22, 83 S.Ct. 999, 1005–07, 10 L.Ed.2d 15 (1963); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458–60 (9th Cir. 1985); *Todd v. Richards*, No. 94–0377, 1995 WL 363358, at *2, 1995 U.S.Dist. LEXIS 3561, at *6 (M.D.Fla. Mar. 13, 1995); *Hatley v. Department of Treasury*, No. 93–0672–P–C, 1994 U.S.Dist. LEXIS 16730, at *5 (S.D.Fla. Nov. 4, 1994). Similarly, Plaintiff's suit against the DEA, a federal agency, is really a suit against the United States. *See Hatley*, at *5–6; *Cf. Castleberry v. Alcohol, Tobacco and Firearms Div. of Treasury Dep't*, 530 F.2d 672, 673 n. 3 (5th Cir.1976).

▇▇ "An action is one against the United States as a sovereign where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir.1985). Thus, the Court finds Plaintiff's suit against the DEA and Defendants Davis, Thorpe, Clark, and Bicknese in their official capacities is really a suit against the United States and is subject to dismissal because of the United States' sovereign immunity.

▇▇ The United States is immune from suit unless there has been an unequivocal waiver of immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Waiver of sovereign immunity is a prerequisite to subject matter jurisdiction. *Sherwood*, 312 U.S. at 586, 61 S.Ct. at 769. The United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations. *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir.1982); *Kunkler v. Fort Lauderdale Housing Authority*, 764 F.Supp. 171, 176 (S.D.Fla.1991). Thus, Plaintiff's claims for money damages against the United States are barred by sovereign immunity.[2]

▇▇ Finally, even construed as common law tort claims brought under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671–80, Plaintiff's claims against the United States fail to state a claim. The FTCA operates as a limited waiver of the federal government's sovereign immunity for

---

**2.** Even if the Court were to find that the DEA was somehow subject to suit, a ruling the Court does not make, Plaintiff would still not be able to recover against the DEA or the United States. As the Supreme Court recently made clear, if there is a waiver of sovereign immunity by the United States, the district court then must inquire "whether the source of substantive law upon which the claimant relies provides an avenue for relief." *F.D.I.C. v. Meyer*, —— U.S. ——, ——–——, 114 S.Ct. 996, 1004–05, 127 L.Ed.2d 308 (1994); *United States v. Mitchell*, 463 U.S. 206, 218, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983). In the *Meyer* decision, the Supreme Court found that a *Bivens* action is not a source of substantive law that provides the necessary avenue of relief, i.e. money damages against the sovereign. *Id.*

Here, Plaintiff brings a *Bivens* action based upon alleged constitutional violations. A *Bivens* action is a judicially created remedy against federal actors in their individual capacities and does not create a remedy against the United States. *See F.D.I.C. v. Meyer;* —— U.S. ——, ——, 114 S.Ct. 996, 1005, 127 L.Ed.2d 308 (1994); *Hatley v. Department of the Treasury*, No. 93–0672–P–C, 1994 U.S.Dist. LEXIS 16730, at *6 (S.D.Ala. Nov. 4, 1994). Therefore, Plaintiff cannot prevail on his claim against the DEA or the United States because *Bivens* does not create a remedy for money damages against the United States.

certain common-law torts. *Id.* Here, however, Plaintiff's claims under the FTCA fail for three reasons.

■ First, Plaintiff is alleging the deprivation of a constitutional right cognizable under *Bivens.* The FTCA provides for the waiver of sovereign immunity for certain common-law torts, not for money damages based upon constitutional torts. 28 U.S.C. § 2674; *see also United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir.1982). Thus, Plaintiff's claim based upon a constitutional deprivation is not a proper claim under the FTCA.

■ Second, Plaintiff fails to allege that he has exhausted his administrative remedies against the United States. Section 2675 of the FTCA requires that a plaintiff file a claim with the appropriate government agency before pursuing judicial relief. 28 U.S.C. § 2675(a); *McNeil v. United States,* —— U.S. ——, ——, ——, 113 S.Ct. 1980, 1981, 1984, 124 L.Ed.2d 21 (1993). Here, Plaintiff has not alleged any such claim with the DEA or the Department of Justice. Thus, Plaintiff has failed to allege a statutory prerequisite to the filing of an FTCA action. *See* 28 U.S.C. § 2675(a).

Third, Plaintiff's FTCA claim is barred by the express language of the statute. Congress has waived the sovereign immunity of the United States for a wide range of common law tort subject, however, to the exception in Section 2680. Among the claims for which sovereign immunity has not been waived is "[a]ny claim arising in respect of ... the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. § 2680(c). Thus, the United States has not waived its sovereign immunity for Plaintiff's claim against the United States for money damages based upon the allegedly illegal forfeiture of Plaintiff's truck. Defendants United States, the DEA, and Defendants Davis, Thorpe, Clark, and Bicknese in their official capacities' Motion to Dismiss is granted. Plaintiff's Complaint against the United States, the DEA, and Defendants

Davis, Thorpe, Clark, and Bicknese in their official capacities is dismissed. The Court turns to Plaintiff's *Bivens* action against Defendants Davis, Thorpe, Clark and Bicknese in their individual capacities.

## II. DEFENDANTS DAVIS, THORPE, CLARK, AND BICKNESE IN THEIR INDIVIDUAL CAPACITIES

Defendants Davis, Thorpe, Clark and Bicknese in their individual capacities move for dismissal of Plaintiff's Complaint based upon Plaintiff's failure to effect service and failure to state a claim. The Court examines Defendants Davis, Thorpe and Bicknese's Motion to Dismiss first, and then the Court examines Defendant Clark's Motion to Dismiss.

### A. DEFENDANTS DAVIS, THORPE AND BICKNESE'S MOTION TO DISMISS

■ Citing the rationale of *Bivens v. Six Unknown Named Agents of the Federal Bureau,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), Plaintiff alleges certain constitutional violations and seeks money damages from Defendants Davis, Thorpe, Clark and Bicknese individually. Defendants Davis, Thorpe and Bicknese contend that Plaintiff has failed to serve them with the Complaint and summons.

In *Bivens,* the Supreme Court created a cause of action for money damages against federal employees in their individual capacities for constitutional violations. *Bivens v. Six Unknown Named Agents of the Federal Bureau,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Armstrong v. Sears,* 33 F.3d 182, 186–87 (2d Cir.1994). As a suit against an individual, Plaintiff must serve all individual Defendants pursuant to Federal Rule of Civil Procedure 4(e). *See* Fed. R.Civ.P. 4(e); *Armstrong v. Sears,* 33 F.3d 182, 186–87 (2d Cir.1994). Here, the record is devoid of any evidence that Plaintiff has attempted to serve, much less actually served, Defendants Davis, Thorpe and Bicknese.[3]

---

**3.** Since the Court finds that Defendants Davis, Thorpe, Clark and Bicknese were not served properly in their individual capacities, the Court does not reach the issue of whether the United States must be served in a *Bivens* action. *Compare Armstrong v. Sears,* 33 F.3d 182 (2nd Cir.

Under Federal Rule of Civil Procedure 4(m), Plaintiff must serve each Defendant "within 120 days after filing of the complaint...." Fed.R.Civ.P. 4(m). Plaintiff filed his Complaint on July 29, 1994. The time for service expired 120 days later, or on November 28, 1994.[4] Plaintiff failed to serve Defendants Davis, Thorpe and Bicknese within the 120 days required by Federal Rule of Civil Procedure 4(m).

Additionally, Plaintiff's Complaint fails to state a claim against Defendants Davis, Thorpe and Bicknese. Liability in a *Bivens* action may be imposed upon a defendant only if he or she is personally responsible for the constitutional violation alleged in the Complaint. *See Peppers v. Coates,* 887 F.2d 1493, 1498 (11th Cir.1989). *Respondeat superior* liability is not available in a *Bivens* suit. *Id.* at 1498 n. 10. Plaintiff fails to allege that Defendants Davis, Thorpe or Bicknese were responsible personally for the forfeiture of Plaintiff's truck. Therefore, Plaintiff's Complaint fails to state a claim against Defendants Davis, Thorpe, and Bicknese. Defendants Davis, Thorpe and Bicknese's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed against Defendants Davis, Thorpe and Bicknese.

### B. *DEFENDANT CLARK'S MOTION TO DISMISS*

#### 1. *Service of Process*

The Court now examines Defendant Clark's Motion to Dismiss and whether Defendant Clark has been properly served. Plaintiff has attempted to serve Defendant Clark. Plaintiff is incarcerated at the federal prison in Petersburg, Virginia and is proceeding *in forma pauperis.* Thus, service of process in this action is performed by the United States Marshal Service, on behalf of Plaintiff. *See* Fed.R.Civ.P. 4(c)(2).

The record reveals that Plaintiff completed a USM–285 "Process Receipt and Return" in the name of Defendant Clark. On December 20, 1994 that USM–285 form was served at the Drug Enforcement Administration ("DEA") Offices in Atlanta, Georgia. However, Defendant Clark was not served personally. Instead, Paul Markonni, listed on the USM–285 form as a supervisor, was served by the Deputy United States Marshal responsible for serving process in this action.

As discussed above, a *Bivens* action is a suit against a federal employee in his or her individual capacity. Therefore, service must be upon the individual as required by Federal Rule of Civil Procedure 4(e).[5] Under Rule 4(e) an individual may be served: (1) pursuant to the law of the state in which the district court is located, (2) pursuant to the laws of the state where service is effected, (3) by delivering copies of the complaint and summons to the defendant personally, (4) by leaving copies of the summons and complaint "at the individual's dwelling house of usual place of abode with some person of suitable age and discretion then residing therein," or (5) by delivering copies of the summons and complaint to an agent of the defendant who is authorized to receive service of process. Fed.R.Civ.P. 4(e).

Service upon Defendant Clark was attempted in Georgia and this Court sits in Georgia, therefore, the Court reviews briefly the first and second options above. In Georgia, service upon an individual must be accomplished via the third, fourth, or fifth methods detailed above. O.C.G.A. § 9–11–4(d)(7). Thus, Georgia law does not add to the ways in which service may be effected under the Federal Rules of Civil Procedure.

Upon examination of the record, the Court finds that Defendant Clark has not been

---

1994) (not necessary to serve United States in *Bivens* action) *with Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113 (6th Cir.1988) (need to serve United States in *Bivens* action) and *Light v. Wolf,* 816 F.2d 746 (D.C.Cir. 1987) and *Lawrence v. Acree,* 79 F.R.D. 669, 670–71 (D.D.C.1978).

**4.** One hundred and twenty days from July 29, 1994 is November 26, 1994, which is a Saturday.

Monday, November 28, 1994 is the first business day after November 26, 1994.

**5.** A defendant may waive service of the summons and complaint. Fed.R.Civ.P. 4(d)(2). However, there is no indication in the record that any defendant has waived service, and thus, the Court examines whether process was served pursuant to Federal Rule of Civil Procedure 4(e).

served properly pursuant to Federal Rule of Civil Procedure 4(e). There is no suggestion in the record that Paul Markonni is "an agent authorized by appointment or by law to receive service of process" for Defendant Clark. *See* Fed.R.Civ.P. 4(e)(2). The DEA Offices in Atlanta, Georgia are not Defendant Clark's "dwelling house or usual place of abode." *Id.* Therefore, the Court concludes that Defendant Clark has not been served personally. However, the Court's conclusion does not lead automatically to dismissal as it did with regards to Defendants Davis, Thorpe, Bicknese. There the record revealed no attempt by Plaintiff to serve the Defendants. Here, Plaintiff as at least attempted to serve Defendant Clark.

 Since Plaintiff is incarcerated and proceeding *in forma pauperis,* he must rely upon the United States Marshal Service to serve process. It is apparent from the record that Paul Markonni accepted service of process for both the DEA and for Defendant Clark. Presumably, Markonni accepted service for Defendant Clark as a matter of convenience. Such aid, however, does not solve the deficiency in service. Defendant Clark must be served personally. Where Plaintiff is incarcerated and has completed his obligation to return the USM–285 forms, and it is the United States Marshal Service which fails to complete service properly, then the appropriate remedy is for the United States Marshal to re-serve Defendant Clark. However, before ordering that Defendant Clark be re-served, the Court will examine the other grounds that Defendants put forth in support of their Motion to Dismiss, because if Plaintiff's Complaint is subject to dismissal there exists no reason to attempt service again.

### 2. *Plaintiff Fails to State a Claim Against Defendant Clark*

██ Again, unless Plaintiff alleges that Defendant Clark has violated his constitutional rights, Plaintiff fails to state a claim. *See Peppers v. Coates,* 887 F.2d 1493, 1498 (11th Cir.1989). In his Complaint, Plaintiff alleges, *inter alia,* that "[o]n or about December 22, 1992, Plaintiff contacted the DEA, specifically Agent Clark seeking the

return of his truck. Agent Clark informed the Plaintiff that the truck was released and that he could pick it up." Complaint, ¶ 21. In the next paragraph of his Complaint, Plaintiff alleges that "[u]pon the Plaintiff's attempt to gain possession of his truck, he was informed that 'the truck must remain impounded' by order of the Supervisor." Complaint, ¶ 22.

In paragraph twenty-five of his Complaint, Plaintiff alleges that [i]n February 1993, Plaintiff was contacted, by letter from the DEA, informing him that that if he paid 10% or $790.00, that his truck would be returned to him. The Plaintiff was further informed that "he must reply within 20 days for the offer to remain valid." Complaint, ¶ 25. As averred in his Complaint, subsequent to Plaintiff's alleged conversation with Defendant Clark, Plaintiff received notice of the proper procedures for contesting the forfeiture of his truck. Other than the alleged conversation between Plaintiff and Defendant Clark, nowhere in the Complaint does Plaintiff allege any actions undertaken by Defendant Clark which violated Plaintiff's constitutional rights. Therefore, the Court's inquiry focuses upon whether the alleged statements by Defendant Clark rise to the level of a constitutional violation. The Court concludes that they do not.

First, Plaintiff is alleging, in effect, that certain government actors interfered with Plaintiff's ability to pursue the appropriate procedures for the return of his truck. Even assuming that Plaintiff relied properly upon the representations of Pre–Trial Services employees, a question the Court does not answer, Plaintiff's failure to follow the procedures for the return of his truck are not attributable to Defendant Clark.

Plaintiff claims that in December, 1992 Defendant Clark told Plaintiff that the truck was released and that Plaintiff could "pick it up." However, when Plaintiff attempted to retrieve the pick-up, Plaintiff was informed that the truck was still being held. In February, 1993, subsequent to Defendant Clark's alleged statements and subsequent to Plaintiff's attempt to retrieve his truck, Plaintiff received notice of the pending forfeiture proceedings. That notice, attached to Plaintiff's

Complaint, provided specific procedural instructions for contesting the forfeiture of Plaintiff's truck. The Supreme Court has stated clearly that it is the lack of process in obtaining a deprivation of property that constitutes a due process violation, as follows:

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest inn life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*. The constitutional violation actionable under § 1983 [or Bivens] is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.

*Zinermon v. Burch,* 494 U.S. 113, 125–26, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990). From the face of Plaintiff's Complaint, it is apparent that Plaintiff received notice of the process available for contesting the forfeiture of his truck.

As detailed above, Defendant Clark allegedly made his statements in December, 1993. After that date, Plaintiff attempted to retrieve his truck and was informed that the truck could not be released. After discovering that he could not retrieve his truck, Plaintiff received notice of the procedures that were available to Plaintiff for contesting the seizure and impending forfeiture of his truck. Nowhere in his Complaint does Plaintiff allege that after receiving the February, 1993 notice Defendant Clark interfered with Plaintiff's ability to pursue the procedures set forth by the February, 1993 notice. Therefore, the Court finds that Plaintiff fails to state a claim against Defendant Clark and that Plaintiff's Complaint should be dismissed.[6]

6. The Court notes that Plaintiff previously sought to remedy the forfeiture of his truck through Federal Rule of Criminal Procedure 41(e). *See United States v. Leonard Daniel,* No. 93–CR–003–1 (N.D.Ga. Mar. 23, 1994). In denying Plaintiff's requested relief, Judge Vining, United States District Judge for the Northern District of Georgia,

### III. *CONCLUSION*

Defendants Motion to Dismiss [11–1] is **GRANTED.** Plaintiff's Complaint is dismissed against Defendants the United States of America, the Drug Enforcement Administration, and John Davis, John Thorpe, Andre Clark, and Ralph Bicknese in their individual and official capacities.

**SO ORDERED.**

found that Plaintiff had failed to contest the forfeiture at the time it occurred and had missed his opportunity to recover the truck. *Id.*