Richard F. GREEN et al., Plaintiffs,

v.

Melvin R. LAIRD, as Secretary of
Defense et al., Defendants.

No. 72 C 2461.

United States District Court,
N. D. Illinois, E. D.

April 6, 1973.

228

Thomas M. Haney, Edwards, Haney & Stein, Chicago, Ill., for plaintiffs.

James R. Thompson, U. S. Atty., J. K. Toohey, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

AUSTIN, District Judge.

Plaintiffs in this case seek declaratory, injunctive, and monetary relief from defendants' allegedly unlawful interference with their first amendment rights to distribute literature at the gates of the Great Lakes Naval Training Center. A default judgment was previously entered against the defendants City of North Chicago and its Chief of Police, Ed Chrapkowski, because they failed to appear and defend the suit against them. The remaining defendants, employees of the federal government, have filed motions to dismiss and for summary judgment. These motions shall be granted in the manner and for the reasons stated below.

Plaintiffs are two individuals, a newspaper, and a voluntary organization dedicated to the effectuation of certain changes within the military services.[1] They have attempted to foster their ideas through the free distribution of the plaintiff newspaper to pedestrians and persons in automobiles at the gates of the Great Lakes Naval Training Center. Naturally, one of the best times of day to distribute the newspaper is during the afternoon between 3:30 and 5:00 p. m., when most of the base personnel pass through the gates to return home. Of course, traffic becomes congested at that time, too, and defendants contend that plaintiffs materially contribute to an already unsafe situation by stepping out into the street in order to distribute their newspaper, accept donations for it, and occasionally talk to persons in the automobiles. Hence, on August 15 and September 26, 1972 the two individual plaintiffs were arrested by defendant

---

1. The question of the standing of Great Lakes Movement for a Democratic Military to sue as a party plaintiff has not been raised by the defendants and its resolution is unnecessary in light of the disposition of the merits of this case.

Gingerelli, a Department of Defense policeman, for blocking and obstructing traffic.

Plaintiffs' three-count complaint seeks several forms of relief. First, plaintiffs ask this court to enjoin defendants from "interfering in any manner" with their first amendment activities at the gates of the base. Second, plaintiffs seek a declaratory injunction determining the ownership of the property adjacent to the base, and particularly Gate 4 thereof, in order to resolve the question of whether the federal government or the City of North Chicago may properly exercise police jurisdiction over it. Finally, Count III asks this court to declare plaintiffs' arrests unlawful and to award them damages for false arrest and imprisonment.

■■ Defendants Laird and Warner were sued in this district and served in accordance with 28 U.S.C. § 1391(e) and Rule 4 of the Federal Rules of Civil Procedure. They claim that the presence of the City of North Chicago and its police chief as party defendants in this suit renders venue improper as to them because § 1391(e) applies only to civil actions "in which *each* defendant is an officer or employee of the United States" (emphasis added). Stinson v. Finch, 317 F.Supp. 581 (N.D.Ga.1970); Benson v. City of Minneapolis, 286 F.Supp. 614 (D.Minn.1968); Chase Savings and Loan Ass'n. v. Federal Home Loan Board, 269 F.Supp. 965 (E.D.Pa. 1967). However, those decisions are not binding upon this court, which in the absence of a ruling by the Seventh Circuit Court of Appeals is free to adopt what it considers the better rule in these cases. That rule was stated in Powelton Civic Home Owners Ass'n v. Department of Housing and Urban Development, 284 F.Supp. 809, 833 (E.D.Pa.1968):

Since the consequence of the defendants' argument is so inconsistent

with the apparent intent of Section 1391(e), we believe it is appropriate to look beyond the literal language of the provision; and we conclude that the requirement that 'each defendant' be a *federal* defendant refers only to defendants who are *beyond* the forum's territorial limits.[2]

Hence, venue is proper in this district as to defendants Laird and Warner.

■ Defendants' remaining motions attack both the merits of this claim and the manner of service of process, which in this case was effected pursuant to Rule 4(d)(5). Since the proper manner of serving process on government officials under Rule 4(d) depends on whether the suit contemplates individual liability [Rule 4(d)(1)] or is limited to relief that would affect the defendants only in their official capacities [Rule 4(d)(5)],[3] it is proper for this court first to consider the substance of plaintiffs' claim.

■ As noted above, this is a three-count suit and an analysis of the counts reveals that the defendants herein are potentially exposed to liability in their capacities both as individuals and as public officials. Thus, the request for a declaratory judgment as to the ownership and jurisdiction over the property adjacent to the base involves some of these defendants in their official capacities as custodians of government property. Similarly, the request for an injunction prohibiting defendants from interfering with plaintiffs' first amendment activities and from prosecuting plaintiffs Green and Madison on the charges arising out of their arrests contemplates official liability because there is nothing in the pleadings to suggest that the injunction is sought against the defendants in other than their capacities as government employees. Thus, service of process under Rule 4(d)(5) was good

---

2. *Accord,* Liberation News Service v. Eastland, 426 F.2d 1379 (2d Cir. 1970); Brotherhood of Locomotive Engineers v. Denver and R. G. W. R. R., 290 F.Supp.

612 (D.Colo.1968), aff'd on other grounds, 411 F.2d 1115 (10th Cir. 1969).

3. 2 J. Moore, Federal Practice ¶ 4.29, at 1206 (1970).

as to all the federal defendants with respect to the claims arising out of their acts as public officials. However, the prayer for damages can be asserted against these defendants only in their individual capacities because of the doctrine of sovereign immunity. Therefore, service of process under Rule 4(d)(5) was improper as to defendants Laird, Warner, Kauffman, Gorsline, and Gingerelli and this court must dismiss the claim for damages asserted against them.

■ But, even if those defendants had been properly served, plaintiffs' claim for damages in this case must fail as to all federal defendants, except Gingerelli, because neither the complaint nor the pleadings nor the facts adduced at the hearing on plaintiffs' motion for a preliminary injunction suggest the requisite amount of personal participation in the arrests to hold them liable in damages. Although the mere absence of such evidence would surely not justify the entry of summary judgment for the defendants,[4] the affidavits of defendants Kauffman, Gorsline, and Lindstrom attest to the fact that they did not personally arrest or order the arrest of plaintiffs Green and Madison. Nor is there anything in the record of this case that would justify an evidentiary hearing on whether any naval regulations, orders, or interpretations thereof have been improperly used to abridge plaintiffs' first amendment rights or whether defendants Laird, Warner, Kauffman, Gorsline, or Lindstrom have sanctioned such unlawful conduct either tacitly or otherwise. Viewing this case most favorably to plaintiffs, particularly in light of the

first amendment interests, this court finds that they have failed to assert any facts showing that their claim for damages is anything other than a suit against a single Department of Defense policeman, Gingerelli.

Thus, even if this court were to adopt the view that violations of first amendment rights are compensable under the rationale of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971),[5] plaintiffs have failed to allege the requisite personal involvement needed to hold the federal defendants, other than Gingerelli, liable in damages, let alone demonstrate the existence of a genuine issue of material fact on this question. To hold these defendants liable on the theory of respondeat superior would ultimately transform this into a suit against the United States, which is immune from suit under the doctrine of sovereign immunity and has preserved its immunity under 28 U.S.C. § 2680(a). Rather, much like the analogous action against state officers under the Civil Rights Act,[6] personal involvement is required to hold federal supervisory personnel liable for the acts of their subordinates. Thus, if the question of monetary liability were properly before this court and if the individual defendants were properly served, summary judgment on the damage claim would be appropriate as to all federal defendants except Gingerelli. There would remain, however, a genuine issue of material fact on Gingerelli's good faith defense, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 456 F.2d 1339 (2d Cir. 1972),

---

4. *See generally* J. Moore, Federal Practice ¶ 56.15 [3] (1972).

5. *Bivens* held that the victim of an illegal search and seizure can sue the arresting officers for damages. It is not necessary for this court to decide today whether violations of the first amendment are similarly compensable or are even capable of valuation for purposes of establishing jurisdiction. *Compare* Yahr v. Resor, 339 F.Supp. 964 (E.D.N.C.1972) *and* Post v.

Payton, 323 F.Supp. 799 (E.D.N.Y. 1971) *with* Fifth Avenue Peace Parade Committee v. Hoover, 327 F.Supp. 238 (S.D.N.Y.1971) *and* Cortright v. Resor, 325 F.Supp. 797 (E.D.N.Y.), rev'd on other grounds, 447 F.2d 245 (2d Cir. 1971), cert. denied, 405 U.S. 965, 92 S.Ct. 1172, 31 L.Ed.2d 240 (1972).

6. *E. g.*, Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill.1969).

for, as demonstrated at the preliminary injunction hearing, there is a genuine dispute over the extent to which plaintiffs caused or contributed to the traffic congestion on the dates of their arrests.

The existence of that fact issue and the insufficiency of the proof of ownership of the disputed land similarly preclude the resolution of plaintiffs' other claims in this motion for summary judgment, even though all defendants were properly served as to these claims. Moreover, the resolution of such matters as the location of the federal-municipal boundary line, the place of plaintiffs' arrest, and the legality of that arrest will be enhanced, if not rendered moot, by the forthcoming trial on the magistrate's citations issued in connection with the incidents complained of in this case. Therefore, all proceedings in this case will be stayed for thirty days, at the end of which the parties are ordered to appear in court for a status report.