518 F.2d 1195
 Charles Bradley GRIFFITH, on behalf of himself and all
others similarly situated, Plaintiffs,
v.
Richard M. NIXON, Individually and as President of the
United States, et al., Defendants.
 No. 825, Docket 74-2469.
 United States Court of Appeals,
Second Circuit.
 Argued May 8, 1975.
Decided June 17, 1975.
 
 Charles Bradley Griffith, pro se.
 John J. Zawistoski, Rutland, Vt. (Ryan, Smith & Carbine, Ltd., Rutland, Vt., of counsel), for defendants-appellees Committee for the Re-election of the President and the Finance Committee to Re-elect the President.
 Before FEINBERG, TIMBERS and VAN GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 Article II of the Constitution provides that the President of the United States shall hold his office for a term of four years, that he shall be elected at a time to be chosen by the Congress and that he shall be removed by impeachment and conviction.
 
 
 2
 The complaint in this pro se class action, brought on behalf of fifty million registered voters, sought a District Court order nullifying the 1972 presidential election and directing the holding of a new election on November 5, 1974. The District Judge wisely decided that his duty was limited to interpreting the Constitution, not rewriting it.
 
 
 3
 The complaint also sought damages aggregating $22,050,000 against then President Nixon personally and the two committees which participated in his 1972 campaign. The marshal's return of service indicates that he attempted to effect service on all of the defendants by delivering copies of the summons and complaint to the U. S. Attorney in Rutland, Vermont and mailing copies by certified mail to the named defendants in Washington. The District Court of Vermont did not thus acquire personal jurisdiction of these non-resident defendants under either Rule 4 of the Federal Rules of Civil Procedure or Rule 4 of Vermont's Rules of Civil Procedure.
 
 
 4
 To the extent that damages were sought against the President personally, Federal Rule 4(d)(5) is not applicable. 2 J. Moore, Federal Practice, at 1206; Green v. Laird, 357 F.Supp. 227 (N.D.Ill.1973). This rule prescribes a method for service upon the President in his official capacity, not where personal liability for damages is sought to be imposed. We have already noted that plaintiff's demand for injunctive relief against the President in his official capacity cannot be granted.
 
 
 5
 Vermont Rule 4(e) provides that service outside of the State must be made in the same manner as if such service were made within the State. There is no provision for service within the State by delivery of the summons and complaint to a United States Attorney and the mailing of another copy to the defendant.
 
 
 6
 For the reasons above stated, the District Court's order of dismissal is affirmed.