**Thomas M. ARMSTRONG,**
**Plaintiff–Appellant,**

v.

**Robert SEARS, Ulises Delgado, John Rice, and Frederick Marano, Defendants–Appellees.**

No. 1229, Docket 93–6279.

United States Court of Appeals, Second Circuit.

Submitted April 20, 1994.

Decided Aug. 26, 1994.

Thomas M. Armstrong, pro se.

James C. Woods, Asst. U.S. Atty. N.D.N.Y. (Gary L. Sharpe, U.S. Atty. N.D.N.Y., Albany, of counsel), for defendants-appellees.

Before: OAKES, KEARSE, and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

Plaintiff-appellant Thomas Armstrong appeals *pro se* and *in forma pauperis* from a judgment entered September 9, 1993 in the United States District Court for the Northern District of New York, Con G. Cholakis, *Judge,* that dismissed Armstrong's complaint against four agents of the Drug Enforcement Agency (the "DEA Agents") from whom Armstrong seeks damages for an alleged violation of his Fourth Amendment rights. Armstrong's complaint was dismissed for failure to effect timely service of the summons and complaint as required by Fed. R.Civ.P. 4(m).[1]

By a prior memorandum decision and order entered April 7, 1993 (the "April Order"), the district court had concluded that Armstrong's initial failure to effect timely service did not warrant dismissal of his complaint pursuant to Rule 4(m). This rule requires dismissal if the summons and complaint are not served upon a defendant within 120 days of the filing of the complaint unless "the plaintiff shows good cause for the failure [to effect service]." The April Order directed Armstrong to ensure that the United States Marshal properly serve by June 4, 1993; (a) the DEA Agents, and (b) the United States by service "upon the United States Attorney and the United States Attorney General in accordance with" the applicable provisions of the Federal Rules of Civil Procedure, now Fed.R.Civ.P. 4(i)(1). *See supra* note 1. Upon Armstrong's failure to effect service by the specified date, the court dismissed the complaint. This appeal followed.

We conclude that service upon the United States is not required in actions against federal agents in their individual capacities. Accordingly, Armstrong was required to serve only the DEA Agents. We also conclude that there is no basis to affirm for failure to

serve the DEA Agents. Accordingly, we reverse and remand.

## Background

Armstrong instituted this action by filing his complaint on October 6, 1992. Armstrong alleged that on or about July 28, 1989, the DEA Agents (1) arrested him without probable cause, and (2) forced him to let them into several buildings, including at least one owned by Armstrong, out of fear that if he did not unlock the doors to those buildings the agents would have broken them down. Armstrong sought compensatory and punitive damages for these alleged violations of the Fourth Amendment. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The district court granted Armstrong leave to proceed *in forma pauperis,* and ordered "that the Clerk shall issue a summons and forward it and the complaint to the United States Marshal for service on the *named defendants* without payment of fees [emphasis added]." *See* 28 U.S.C. § 1915(c) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis* ] cases."); *see also* Fed. R.Civ.P. 4(c)(2) (requiring appointment of United States marshal or other court designee to serve process "when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915"). By letter dated October 8, 1992, the Utica office of the United States Marshals Service (the "Service") advised Armstrong that the Service was unable to serve the DEA Agents because Armstrong had failed to properly sign and date the Request for Service forms (the "USM–285 Forms"). Armstrong then signed the USM–285 Forms and returned them to the Service; the form for each of the DEA

---

1. The citations in the proceedings before the district court were to the provisions of Rule 4 in effect prior to extensive amendments to Rule 4 that became effective December 1, 1993, and thus in this instance to Rule 4(j). Unless otherwise specified, this opinion will refer to the current provisions, which do not differ in any respect material to this appeal from the prior version of Rule 4. Rule 4(m) provides in pertinent part:

   If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Agents specified that "[t]his complaint should be served personally."

Instead, however, the Service sought to obtain waivers of service from the DEA Agents pursuant to Fed.R.Civ.P. 4(d). Rule 4(d) provides for the mailing of a summons and complaint to a defendant accompanied by a notice that includes a prescribed text advising the defendant that he may waive service if he returns an enclosed waiver (in this case, a "USM–299 Form") within a prescribed period (here, thirty days), and may be assessed the cost of subsequent service if he declines to waive service. The DEA Agents did not timely return the USM–299 Forms. By letter dated December 15, 1992, the Service advised Armstrong that the DEA Agents had not provided waivers and the Service was "returning the USM 285 [to Armstrong] unexecuted," and directed him to notify the Service in writing and submit a new USM–285 Form "[i]f you desire this office to make any further effort to serve the summons and complaint on this defendant [sic]." Armstrong did not respond to this communication.

By letter dated January 26, 1993, the United States Attorney's Office for the Northern District of New York "advise[d]" Armstrong that:

Pursuant to Rule 4[ (i)(1) ] of the *Federal Rules of Civil Procedure* when the United States or its agents are named as defendants in a civil action the Summons and Complaint must be *personally served* upon the United States Attorney's Office and also served by registered or certified mail on the Attorney General of the United States in Washington, D.C. In order to serve the United States in the above-referenced matter, you must personally serve the United States Attorney's Office, which may be accomplished at the Albany Office and send a copy by registered or certified mail to the Attorney General of the United States. Until that time, service is not complete and no action can be taken in this matter.

On March 12, 1993, "the defendants," represented by the United States Attorney for the Northern District of New York, moved to dismiss the complaint for failure to effect service upon the United States. In the April Order, the district court conditionally denied the defendants' motion on the grounds that: (1) Armstrong's reliance upon the Service constituted "good cause" for his failure to serve the DEA Agents, *see* Fed.R.Civ.P. 4(m), *supra* note 1; and (2) "Given that Mr. Armstrong is proceeding *pro se,* and in light of his reliance upon the U.S. Marshal, the Court shall excuse the failure to serve the United States and permit him to attempt service again." The court directed, however, that "[i]n order to avoid dismissal, Mr. Armstrong must ensure that the Marshal properly serves the named defendants and the United States no later than June 4, 1993."

According to his brief on appeal, Armstrong attempted to comply with the court's direction by: (1) mailing a copy of the April Order to the Service at its Albany address; (2) on May 25, 1993, going to the Service's Albany office "to inquire as to the status of the service of his summons and complaint;" and (3) returning to the Albany office on May 27, 1993 and hand delivering a copy of the April Order and additional copies of his complaint. Armstrong asserts that at that time, he "was advised by a marshal that it [service] would be taken care of."

No service was effected upon either the DEA Agents or the United States by June 4, 1993. On June 27, 1993, the United States Attorney for the Northern District of New York moved on behalf of "the Government" to dismiss the complaint "for fail[ure] to serve the United States," although a supporting affidavit noted that neither "the United States nor any of the named defendants have been personally served with a summons and complaint." In responding to this motion, Armstrong recited his efforts on May 25 and 27, 1993 to ensure that the Service would comply with the April Order, and also stated: "Since the United States of America is not a party to this action as the defendants were served [sic] in their individual capacities rather than their official capacities it is questionable whether service on the Attorney General is required[.]" [2]

2. Because Armstrong raised before the district court the question whether service upon the

By order entered September 7, 1993, the district court granted the motion to dismiss Armstrong's complaint. A corresponding judgment was entered September 9, 1993. This appeal followed.

## Discussion

While the April Order addressed Armstrong's failure to effect service upon both the DEA Agents and the United States, the two motions to dismiss relied exclusively upon his failure to serve the United States (although an affidavit in support of the second motion narrated Armstrong's failure to serve the DEA Agents). In addition, the court's judgment, as well as the immediately preceding order, announced the dismissal of Armstrong's complaint without specifying the basis for that dismissal. Thus, an important (and perhaps the dominant) reason for the dismissal from which this appeal is taken was Armstrong's failure to serve his summons and complaint upon the United States.

At the outset, therefore, it is especially important to note that Armstrong's complaint seeking damages from the DEA Agents for their assertedly unconstitutional actions is an action against the named defendants in their individual capacities, and not an action against either the defendants in their official capacities or the United States. *See Johnston v. Horne,* 875 F.2d 1415, 1424 (9th Cir.1989) ("A *Bivens* action can be maintained against a defendant only in his or her individual capacity.") (citing *Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987)); *Liffiton v. Keuker,* 850 F.2d 73, 78 (2d Cir. 1988) (damages relief sought against federal agents in their individual capacities can be entertained as *Bivens* action). Further, *Bivens* claims are judicially created causes of action without any Congressional authorization. *See Bivens,* 403 U.S. at 411–12, 91 S.Ct. at 2012 (Burger, C.J., dissenting) (criticizing Court for creating cause of action in absence of congressional enactment); *Lewellen v. Morley,* 875 F.2d 118, 120 (7th Cir. 1989) (Congress did not create *Bivens* right of action). Under these circumstances, a damages claim against the United States

would be barred by the doctrine of sovereign immunity because Congress has not acted to waive the immunity of the United States. *See Liffiton,* 850 F.2d at 77 (United States' sovereign immunity precludes a damages suit in absence of explicit congressional waiver of immunity) (citing *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 693, 69 S.Ct. 1457, 1463, 93 L.Ed. 1628 (1949)).

Thus, cases in which claims against federal officials in their official capacity or directly against the United States pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, were dismissed for failure to serve the United States are inapposite to the instant appeal. *See, e.g., McGregor v. United States,* 933 F.2d 156, 159, 162 (2d Cir.1991) (dismissing FTCA claim for failure to effect timely service upon United States); *Frasca v. United States,* 921 F.2d 450, 451 (2d Cir.1990) (same). We must therefore first address whether service upon the United States is required in a *Bivens* action, even though the United States is not a party in such cases.

### A. Whether Service upon the United States is Required in a Bivens Action.

While the government's brief on appeal does not address this issue, a memorandum of law that the government filed in support of its initial motion to dismiss in the district court cited three cases for the proposition that service upon the United States is required in a *Bivens* action: *Light v. Wolf,* 816 F.2d 746 (D.C.Cir.1987); *Drayton v. Veterans Administration,* 654 F.Supp. 558 (S.D.N.Y.1987); and *Lawrence v. Acree,* 79 F.R.D. 669 (D.D.C.1978).

*Light* does not address the issue that we must decide. That case decided only that service must be made upon the United States when a federal official is sued and "the lawsuit could be regarded as involving such an officer's official duties—as when there is an employment relationship between plaintiff and defendant." 816 F.2d at 751 n. 14. That case does not rule that the United States must be served in a *Bivens* action, which by definition and established precedent is

United States was required, and in view of his *pro se* status, we will decide that issue on this

appeal even though it is not addressed in Armstrong's brief on appeal.

brought against defendants only in their individual capacities.

Similarly, *Drayton* involved a claim of race and sex discrimination by the Veterans Administration in violation of 42 U.S.C. § 2000e *et seq.* The case was dismissed for failure to name as a defendant "the head" of the Veterans Administration, as required by 42 U.S.C. § 2000e–16(c). *See* 654 F.Supp. at 562. In addition, the court commented that if the proper party had been named, service upon the United States would have been required. *See id.* at 563. The case manifestly involved the requirements for service in a suit against a federal official in his official capacity.

Only *Lawrence* provides significant support for the government's position. *Lawrence* addressed the issue whether service upon the United States, as well as the individual defendant, was required "in a suit against a federal officer in his individual capacity where the actions complained of relate to his or her duties." 79 F.R.D. at 670. The court ruled that the United States must be served when the individual defendant "act[ed] under color of legal authority," *id.* at 671, but not when the suit is premised upon "actions unrelated to [the defendant's] duties as [a] federal officer[ ]." *Id.* The court cited *Briggs v. Goodwin*, 569 F.2d 1, 7 n. 58 (D.C.Cir.1977), *rev'd sub nom. Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980), for the proposition that 28 U.S.C. § 1391(e) (providing relaxed venue requirements for suits against any federal employee "acting in his official capacity or under color of legal authority") and the service provisions of Rule 4(i)(2) (service upon an officer of the United States) "operate in tandem." *Lawrence*, 79 F.R.D. at 671. As indicated, however, *Briggs* was reversed by the Supreme Court after *Lawrence* was decided, precisely on the basis that § 1391(e) is inapplicable to "actions for money damages against federal officers individually." *Stafford*, 444 U.S. at 544, 100 S.Ct. at 784; *see also Blackburn v. Goodwin*, 608 F.2d 919, 925–26 (2d Cir.1979) (same). Thus, to the extent that *Lawrence* relied upon *Briggs*,

*Stafford* establishes that *Lawrence* was wrongly decided.

*Lawrence* also noted that government attorneys "will defend federal officials in lawsuits based on actions taken in their official capacity or under color of legal authority," 79 F.R.D. at 671, and concluded that "the requirements of [Rule 4(i)(2) ] must be met in order to assure that notice of the lawsuit will be received by those who will defend against the claims." *Id.* We disagree. It is clear that the individual defendants must be served in a *Bivens* case in accordance with Rule 4(e).[3] *See, e.g., Johnston*, 875 F.2d at 1424; *Lewellen*, 875 F.2d at 122 n. *; *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir.1988); *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir.1987); *Micklus v. Carlson*, 632 F.2d 227, 240–41 (3d Cir.1980); *Griffith v. Nixon*, 518 F.2d 1195, 1196 (2d Cir.) (per curiam), *cert. denied*, 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975); *Mecartney v. Hoover*, 151 F.2d 694, 694 (7th Cir.1945) (per curiam) (collecting cases). We are confident that any such defendants who are sued for actions connected with their government employment can figure out how to contact the appropriate government attorneys. We note, for example, that the DEA Agents apparently had no difficulty doing so in this case.

*Lawrence* distinguished our opinion in *Griffith* as holding only that service upon the United States in a *Bivens* case does not suffice if no service is made upon the individual defendant. *See Lawrence*, 79 F.R.D. at 671. That is, indeed, the narrow holding in *Griffith*. We also said in *Griffith*, however, that "[t]o the extent that damages were sought against the President personally, Federal Rule 4[ (i)(2) ] is not applicable." 518 F.2d at 1196 (citing 2 James W. Moore, *Moore's Federal Practice*, at 1206; *Green v. Laird*, 357 F.Supp. 227 (N.D.Ill.1973)). In other words, the rationale of *Griffith* was that in a *Bivens* case, personal service should be made upon the individual defendant in accordance with Rule 4(e) *instead of* upon

---

**3.** Rule 4(e) only applies to individuals within a judicial district of the United States. Rule 4(f) governs service upon individuals in a foreign country. Rule 4(g) governs service upon infants or incompetent persons. As previously discussed, Rule 4(d) provides an alternative mechanism for waiver of service by an individual subject to service under Rule 4(e).

that individual as a government officer in accordance with Rule 4(i)(2), which incorporates by reference the requirement of service upon the United States in accordance with Rule 4(i)(1).[4]

Applying that rationale in the context of this appeal, which squarely presents the issue whether service pursuant to Rule 4(i)(2), and thus Rule 4(i)(1), is required in a *Bivens* action, we hold that such service is not required, and that only personal service pursuant to Rule 4(e) or a waiver of that service pursuant to Rule 4(d), *see supra* note 3, must be accomplished. This determination is supported by: (1) the structure of *Bivens* actions as individual capacity suits to which the United States is not a party; (2) the rulings in *Parsons v. Aguirre,* 123 F.R.D. 293, 294–97 (N.D.Ill.1988) (questioning *Lawrence* ), *Pavlov v. Parsons,* 574 F.Supp. 393, 399 (S.D.Tex.1983), *Betlyon v. Shy,* 573 F.Supp. 1402, 1405–06 (D.Del.1983) (questioning *Lawrence* ), and *United Brick & Clay Workers v. Robinson Clay Prod. Co.,* 64 F.Supp. 872, 874 (N.D.Ohio 1946);[5] and (3) the views of leading commentators. *See* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1107, at 163 & n. 29 (2d ed. 1987 & Supp.1994) ("If federal officers ... are parties only in their individual capacities, and plaintiff is not attacking the validity of an official order, then the usual procedures for service on individuals set out elsewhere in Rule 4 apply, and neither Rule 4[ (i)(1) ] nor Rule 4[ (i)(2) ] need be consulted.") (collecting cases); 2 James W. Moore, Jo D. Lucas, Howard P. Fink, & Charles A. Thompson, *Moore's Federal Practice* § 4.29, at 4–240 to 4–241 (2d ed. 1994) ("Rule 4[ (i)(2) ] applies only if the action is in substance one against a federal officer ... in his ... official capacity. If, on the other hand, the suit is in essence one against a federal official in his *individual* capacity, Rule 4[ (i)(2) ] does not govern and service should be made as in any action against an individual.").

Furthermore, the district court's dismissal of Armstrong's claim for failure to serve the named defendants and the United States was predicated upon Rule 4(m), which requires that an action be dismissed "[i]f service of the summons and complaint is not made *upon a defendant* within 120 days after the filing of the complaint [emphasis added]" unless the party who failed to effect service can show "good cause" for the failure. *See supra* note 1. In suits against either federal officials in their official capacities or the United States pursuant to the FTCA, the United States is the real defendant and Rule

---

4. Rule 4(e) authorizes service upon an individual (1) pursuant to the law of the state in which the district court is located or in which service is effected, (2) by delivery of the summons and complaint personally to the defendant, (3) by leaving copies thereof at the defendant's usual place of abode with a person of suitable age and discretion residing therein, or (4) by delivering copies thereof to an agent authorized by appointment or by law to receive service of process. Rule 4(i)(2) prescribes that service upon an officer of the United States shall be made by serving the United States in accordance with Rule 4(i)(1) and sending a copy of the summons and complaint by registered or certified mail to the officer. Rule 4(i)(1) prescribes that service upon the United States shall be made by (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought or to specified designees of that United States attorney, (2) sending copies thereof by registered or certified mail to the Attorney General of the United States, and (3) in certain cases, sending a copy of the summons and complaint by registered or certified mailed to a specified nonparty officer or agency of the United States.

5. We note that in *Ecclesiastical Order,* the Sixth Circuit stated, without elaboration or analysis, that: "The plaintiff must accomplish personal service under Rule 4[ (e) ]; the United States also must be served under Rule 4[ (i)(2) ]." 845 F.2d at 116 (citing *Micklus,* 632 F.2d at 240). The ruling in *Ecclesiastical Order,* however, was that service on the Department of Justice that "would be sufficient to effect service on defendants in their official capacities ... cannot suffice to bring them before the court in their individual capacities." *Id.* This was also the ruling in *Micklus,* which followed our decision in *Griffith* and stated that "[w]here money damages are sought from a public official in his individual capacity, service by certified mail under Rule 4[ (i)(2) ] is insufficient." *Micklus,* 632 F.2d at 240 (citing *Griffith,* 518 F.2d at 1196). Consistently with *Micklus* and *Griffith,* and for the reasons stated in the text of this opinion, we decline to adopt the *Ecclesiastical Order* dictum that the United States must be served pursuant to Rule 4(i)(2) in a *Bivens* action.

4(i)(1) and (2) applies. Accordingly, failure to serve the United States as required by Rule 4(i)(1) and (2) would warrant dismissal pursuant to 4(m) for failure to serve a defendant. Concluding that Rule 4(i)(1) and (2) governs service of process in *Bivens* actions, on the other hand, would lead to the anomalous result that service on the United States would be required, but the failure to serve the United States would not come within the plain language of Rule 4(m) because the United States is not a defendant in a *Bivens* action.

■ Because we conclude that Rule 4(i)(1) and (2) does not apply to this *Bivens* action against the DEA Agents in their individual capacities, Armstrong's failure to serve the United States is without consequence. We now proceed to examine whether Armstrong's failure to serve the DEA Agents warranted dismissal.

B. *Whether Armstrong's Failure to Serve the DEA Agents Warranted Dismissal of the Complaint.*

The second motion to dismiss by the government was explicitly premised upon Armstrong's "fail[ure] to serve the United States," although a supporting affidavit narrated the failure to serve the DEA Agents, and neither the order nor the judgment of dismissal articulated the legal basis for that action. Thus, the dominant ground for dismissal apparently was failure to serve the United States, a service that (we have concluded) the law does not require.

■ In addition, the government may well have waived the defense of failure to serve the DEA Agents by choosing to assert only the insufficiency of service upon the United States in both of its motions to dismiss Armstrong's complaint. *See* Fed.R.Civ.P. 12(g) (all defenses must be consolidated in single Rule 12 motion) and 12(h)(1) (defenses of insufficiency of service of process waived if omitted from initial Rule 12 motion). In our view, the assertion of insufficiency of service as to the United States should not be regarded as preserving the separate issue of insufficiency of service upon the DEA Agents.

Finally, the Service's letter to Armstrong dated December 15, 1992 was unwarranted. That letter returned Armstrong's USM–285 Forms to him "unexecuted," notified him that the DEA Agents had not timely returned the USM–299 Forms that had been mailed to them, and directed him to notify the Service in writing and submit a new USM–285 Form if he "desir[ed] this office to make any further effort to serve the summons and complaint on this defendant [sic]."

■ As previously noted, both 28 U.S.C. § 1915(c) and Fed.R.Civ.P. 4(c)(2) obligated the Service to serve the summons and complaint upon the DEA Agents for Armstrong. Armstrong's initial USM–285 Forms invoked the Service's performance of that duty. The service then attempted unsuccessfully to obtain a waiver of service from the DEA Agents pursuant to Rule 4(d). When that effort failed, it was the Service's obligation to effect service pursuant to Rule 4(e); it did not have the option to require fresh, superfluous instructions from Armstrong. *Cf. Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986) (incarcerated prisoner "entitled to rely on service by the U.S. Marshals").

In view of this combination of factors and circumstances, we perceive no basis to affirm the dismissal of Armstrong's complaint because of an asserted failure by Armstrong to serve the summons and complaint upon the DEA Agents.

### Conclusion

The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion, including a direction to the Service to effect service of the summons and complaint upon the DEA Agents in behalf of Armstrong.