43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred L. FOTTLER, Plaintiff-Appellant,
v.
Gary L. AINSWORTH, Paul Heh, Fred Moore, David Bohn, and
Twenty Does, Defendants-Appellees.
 No. 94-2159.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Fottler, appearing pro se and in forma pauperis, appeals from the dismissal of his civil rights and tort action against the Defendants. He seeks damages, alleging that the Defendants conspired and exposed him to phenylacetic acid, a precursor chemical for manufacturing methamphetamine, during a reverse sting operation which resulted in his conviction for conspiracy to manufacture methamphetamine. The district court dismissed the state defendant (Paul Heh) for failure to state a constitutional claim. See Fed.R.Civ.P. 12(b)(6). Upon recommendation of the magistrate judge, the district court dismissed the federal defendants (Gary L. Ainsworth and Fred Moore) and a confidential informant (David Bohn) for lack of proper service. Mr. Bohn has not been served, and the United States has not been served within the requisite 120 days after the filing of the complaint against its officers in their official capacities, in accordance with former Fed.R.Civ.P. 4(d)(4). I R. doc. 83 at 2. The magistrate judge determined that the federal defendants had been served only in accordance with former Fed.R.Civ.P. 4(d)(1). Id. As alternative grounds for dismissal, the magistrate judge determined that Mr. Fottler had failed to state a claim under Bivens or the Federal Tort Claims Act. The district court dismissed the action with prejudice. I R. doc. 96. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 2
 Prior to his arrest, Mr. Fottler was contacted by a confidential informant who offered to sell him phenylacetic acid. As part the ploy, government agents had removed the label from a box containing twelve bottles of the acid, and spilled some of the acid in the box. Although phenylacetic acid has a very strong odor, Mr. Fottler claimed that he was unaware of it. He now claims damages based upon the removal of the warning label and his exposure to the chemical.
 
 
 3
 We review the district court's decision concerning service for an abuse of discretion. Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir.1994). We find no abuse of discretion in the district court's dismissal of the federal Defendants[3] and the confidential informant. See Fed.R.Civ.P. 4(m). To the extent that the district court determined that proper service had been made upon the federal defendants in their individual capacities, Mr. Fottler's Bivens claims could not be dismissed for failure to serve the United States. See Armstrong v. Sears, 33 F.3d 182, 187 (2d Cir.1994).
 
 
 4
 Be that as it may, we affirm the district court's dismissal of the Bivens claims against the federal Defendants, the 1983 claims against Defendant Paul Heh, and the conspiracy claims, 1985(3) on the grounds that Mr. Fottler has failed to state a claim. Fed.R.Civ.P. 12(b)(6). As an initial matter, we question whether this action is cognizable under 1983, because Mr. Fottler appears to be claiming that he was unaware of the facts which resulted in his conviction, thereby implying his conviction was wrongful. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 n. 6 (1994). Alternatively, while we are obligated to construe pro se pleadings liberally and to take the allegations contained in the complaint as true, we are under no obligation to craft legal theories upon which a pro se plaintiff may recover. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991). Merely citing federal statutes and constitutional provisions, without integrating the facts with the law, is not sufficient to avoid dismissal where the legal basis for the claim is not discernible. Moreover, the facts alleged neither "shock the conscience" nor provide a basis for "deliberate indifference" which might implicate the Constitution. See Collins v. City of Harker Heights, Texas, 112 S.Ct. 1061, 1070 (1992); Daniels v. Williams, 474 U.S. 327, 331-32 (1986) (negligence claims insufficient). As to the FTCA claim, Mr. Fottler's has not alleged a breach of nondiscretionary duty on the part of the government agents given the circumstances surrounding his criminal conviction for methamphetamine offenses. See 28 U.S.C. 2680(a) (discretionary function exception to FTCA).
 
 
 5
 AFFIRMED. All pending motions are DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 Pursuant to 28 U.S.C. 2679(d)(1), the United States was substituted for the individual federal defendants as to the FTCA count