86 F.3d 1155
 77 A.F.T.R.2d 96-2402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregg W. COLLINS; Jeanne E. Collins, Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE; Perry Mastrocola, Revenue
Officer; City of Euclid; Euclid City Jail; Scott,
Corporal, Euclid City Jailor; Michael J. Wallenhorst,
FBI/Special Agent; James S. Gallas, U.S. Magistrate;
United States of America, Defendants-Appellees.
 No. 95-3800.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; JOINER, District Judge.*
 
 ORDER
 
 2
 Gregg and Jeanne Collins, proceeding pro se, appeal a district court order granting summary judgment in favor of the defendants, and a district court order granting defendant Gallas's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This civil rights complaint is construed as filed under 42 U.S.C. § 1983 and the doctrine enumerated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Seeking monetary and injunctive relief, the Collinses sued multiple federal and municipal defendants. The plaintiffs alleged that the defendants denied them their constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments, and their rights under Article 1, Section 10 of the Constitution, when they seized the Collinses' van and wrongfully arrested Gregg Collins in March of 1994. The district court first dismissed defendant Gallas based on the doctrine of judicial immunity. Thereafter, the district court granted two separate motions for summary judgment filed by the other defendants. The Collinses filed an appeal, asserting the same claims presented to the district court. The plaintiffs have also filed a motion to strike the defendants' briefs.
 
 
 4
 The district court did not err when it dismissed the unknown John and Jane Does, because the plaintiffs were required, yet failed to serve these defendants personally. Fed.R.Civ.P. 4(e) and 4(m); Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir.1988). See also Armstrong v. Sears, 33 F.3d 182, 186-87 (2d Cir.1994) (individual defendants must be served in a Bivens case in accordance with Rule 4(e)).
 
 
 5
 The district court properly granted defendant Gallas's motion to dismiss pursuant to Rule 12(b)(6). Whether the district court correctly dismissed the suit pursuant to Rule 12(b)(6) is a question of law subject to de novo review. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1103 (6th Cir.1995). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. LRL Properties, 55 F.3d at 1100-01. The magistrate judge's acts being challenged were all judicial acts, taken within his jurisdiction. Therefore, defendant Gallas is protected from the plaintiffs' suit for damages, under the doctrine of judicial immunity. Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam). Moreover, the plaintiffs may not be awarded injunctive relief, because plaintiffs' bare allegation that Magistrate Judge Gallas permitted the arrest warrant to be issued without his prior approval is incredible and contradicted by the record. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 6
 The plaintiffs' claims against defendants Mastrocola and Wallenhorst were liberally construed as Bivens-type claims. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Thus, the defendants could assert the defense of qualified immunity. FDIC v. Meyer, 114 S.Ct. 996, 1005 (1994). Officials are entitled to qualified immunity when their decisions are reasonable, even though they may be mistaken. Pray v. Sandusky, 49 F.3d 1154, 1158 (6th Cir.1995). The defendants established they are entitled to qualified immunity, because there is an absence of evidence to show that, at the time of the alleged violations, reasonable public officials acting in the defendants' positions would have known that they were violating the plaintiffs' rights. Megenity v. Stenger, 27 F.3d 1120, 1124 (6th Cir.1994).
 
 
 7
 Defendant Znidarsic is entitled to qualified immunity because he acted with objective reasonableness and did not deny Collins any clearly established constitutional right when Znidarsic relied on information provided to him by federal agents and temporarily held Collins in the city jail pursuant to a contract between the City of Euclid and the federal government. Gregg Collins's First Amendment claim fails, because he has not shown that he was prejudiced in any pending litigation during the sixteen hours that he was incarcerated at the city jail. Blaise v. Fenn, 48 F.3d 337, 340 (8th Cir.1995); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 8
 The municipality of Euclid City and its jail division were properly dismissed, because Collins did not show that any harm he suffered was caused by a constitutional deprivation, or show a direct causal link between any municipal policy or custom of the city and the alleged deprivation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992); Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). The plaintiffs have abandoned their other claims on appeal and, therefore, these claims will not be considered. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 9
 Accordingly, the plaintiffs' motion to strike the appellees' briefs is denied, and the district court's orders granting the two motions for summary judgment in favor of the defendants, and granting defendant Gallas's motion to dismiss, are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation