James AIKMAN, Plaintiff,

v.

The COUNTY OF WESTCHESTER, Westchester County Police Department, P.O. Edward Devlin, P.O. Kenneth Hasko, Det. Mark Carey, P.O. "John Doe, No. 4" (Defendant "John Doe, No. 4" identified further as a police officer involved in the stop, search, custodial detention and arrest of Plaintiff on December 1, 2003 in Eastchester, New York), Sgt. "John" Luciano, "P.O. John Doe, No. 6," "P.O. John Doe, No. 7," "P.O. John Doe, No. 8," (Defendants Luciano and "John Doe, No. 6" through "John Doe, No. 8" identified further as police officers employed by Defendant County and Police Department who were involved in surveillance activities in the vicinity of 955 Yonkers Avenue, Yonkers, New York, on or about December 1, 2003), Defendants.

No. 04 Civ. 7543(SCR)(GAY).

United States District Court, S.D. New York.

March 2, 2010.

Joseph Lanni, Law Office of Joseph P. Lanni, P.C., Larchmont, NY, for Plaintiff.

Shannon Sarles Brady, White Plains, NY, Lara K. Eshkenazi, Nicole L. Gueron, U.S. Attorney's Office, New York, NY, for Defendants.

## OPINION AND ORDER

STEPHEN C. ROBINSON, District Judge:

James Aikman ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 1983 and 1985, against the County of Westchester and several members of the Westchester County Police Department (collectively, "Defendants"), alleging various deprivations of his constitutional rights. These allegations stem from an incident in which Plaintiff was pulled over for a traffic violation, detained, and searched. On June 3, 2007, this Court granted in part and denied in part Defendants' various motions to dismiss. Defendant James Luciano ("Defendant Luciano") subsequently submitted a motion for reconsideration, arguing that this Court should reconsider its conclusion that Defendant Luciano is not a federal employee for purposes of this lawsuit.[1] For the reasons set forth below, Defendant Luciano's motion for reconsideration is GRANTED.

## I. STANDARD OF REVIEW

A motion for reconsideration should be granted only where the moving party demonstrates that the court has overlooked factual matters or controlling precedent that were presented to it on the

---

1. This Court assumes the parties are familiar with the facts and rulings set forth in the June 3, 2007 Order and addresses only those claims relevant to Defendant Luciano that were not dismissed in that Order, *i.e.* Plaintiff's first and second causes of action, both brought pursuant to 42 U.S.C. § 1983.

underlying motion and that would have changed the court's decision. *See* S.D.N.Y. LOCAL CIV. R. 6.3; *Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir. 2000). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). The moving party may not "advance new facts, issues or arguments not previously presented to the Court." *Cobalt Multifamily Investors I, LLC v. Shapiro,* No. 06 Civ. 6468, 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009) (quotations omitted). Motions for reconsideration are "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Padilla v. Maersk Line, Ltd.,* 636 F.Supp.2d 256, 258 (S.D.N.Y.2009) (quotations omitted).

## II. DISCUSSION

### a. Defendant Luciano's Status as a Federal Employee at the Time of the Incident

■ Defendant Luciano argues that this Court should reconsider its finding that Defendant Luciano is not a federal employee pursuant to 21 U.S.C. § 878 and 5 U.S.C. § 3374 for purposes of this lawsuit. *See* Memorandum of Law in Support of Defendant James Luciano's Motion for Partial Reconsideration of His Motion to Dismiss the Amended Complaint ("Luciano Mem. of Law") at pp. 3–7. According to Defendant Luciano, he served as a deputized state and local task force officer for the United States Drug Enforcement Administration ("DEA") from 1997 through 2004, including on December 1, 2003, the date on which the actions of which Plaintiff complains allegedly occurred. *See* Declaration of James Luciano dated November 2, 2005 ("Luciano Decl.") ¶ 4, Exs. A, B. Defendant Luciano provided this Court

with copies of DEA Deputization Request/Authorization forms, signed on October 17, 1997, and May 10, 2001, by both Defendant Luciano and a special agent in charge, approving Defendant Luciano's deputization as an officer of the DEA State and Local Westchester County Task Force. *See id.* ¶¶ 5–6, Exs. A, B. Both forms included language that, upon deputization, Defendant Luciano would be subject to the provisions contained in 5 U.S.C. § 3374(c). *See id.* at Exs. A, B.

Pursuant to 21 U.S.C. § 878(b) and 5 U.S.C. § 3374(c), state and local law enforcement officers designated as federal task force members are treated as federal employees for the purposes of any federal tort liability statute. *See* 21 U.S.C. § 878(b) (state and local law enforcement officers performing functions under § 878 are subject to 5 U.S.C. § 3374(c)); 5 U.S.C. § 3374(c)(2) (state and local law enforcement officers on detail to a federal agency are deemed employees of the federal agency for purposes of federal tort liability statutes); *see also Ivey v. Lyman,* No. 02 Civ. 470, 2005 WL 1397134, at *2 (N.D.N.Y. Jun. 1, 2005); *Bordeaux v. Lynch,* 958 F.Supp. 77, 84 n. 5 (N.D.N.Y. 1997). Courts within this Circuit have interpreted § 3374(c) to extend to civil rights actions, and consequently have treated deputized officers as federal employees for purposes of such actions. *See Ivey,* at *2; *Bordeaux,* at 84, 84 n. 5. Accordingly, for purposes of this action, this Court finds that Defendant Luciano was acting in the capacity of a federal employee on December 1, 2003.

### b. Construction of Plaintiff's § 1983 Claims Against Defendant Luciano as *Bivens* Claims

■ Section 1983 actions are not properly brought against federal employees. *See Wheeldin v. Wheeler,* 373 U.S. 647, 650, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); *see also Kingsley v. Bureau of Prisons,*

937 F.2d 26, 30 n. 4 (2d Cir.1991). However, § 1983 claims improperly filed against federal employees are routinely interpreted as properly pleaded under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the federal counterpart to § 1983. *See e.g., Kingsley,* 937 F.2d at 30, 30 n. 4 (finding that district court properly construed claims brought pursuant to § 1983 as *Bivens* claims); *Hightower v. United States,* 205 F.Supp.2d 146, 154 (S.D.N.Y.2002) (converting claims brought pursuant to § 1983 to *Bivens* claims); *Bordeaux,* 958 F.Supp. at 84 (same). Given this Court's finding that Defendant Luciano was acting in the capacity of a federal employee because of his involvement on the task force, *Bivens* is the appropriate jurisdictional basis for this action. *See Ivey,* at *2 (finding that *Bivens,* not § 1983, was the appropriate jurisdictional basis for an action against a local law enforcement officer working with the DEA and assigned to a drug enforcement task force); *Bordeaux* at *84 (finding that *Bivens,* not § 1983, was the appropriate jurisdictional basis for an action against local law enforcement officers assigned to a drug enforcement task force operating under the DEA). Thus, this Court construes Plaintiff's claims against Defendant Luciano as *Bivens* claims.

### c. Analysis of Plaintiff's *Bivens* Claims Against Defendant Luciano

As Plaintiff's amended complaint does not specify in which capacity the police Defendants are being sued, this Court will analyze Defendant Luciano's motion for reconsideration as if the complaint was made against Defendant Luciano in both his individual and official capacities, as this Court did in its June 3, 2007 decision.

### i. Claims Against Defendant Luciano in His Individual Capacity

■ To properly serve a federal government employee who is sued in his individual capacity, a plaintiff must serve both the employee and the United States.[2] FED.R.CIV.P. 4(i)(3);[3] *see also Vasquez v. Mill,* No. 03 Civ. 3905, 2005 WL 1902913, at *2 (S.D.N.Y. Aug. 8, 2005) (when an officer or employee of the United States is sued in an individual capacity for actions taken under color of law, the United States must also be served). The Federal Rules of Civil Procedure require a plaintiff to serve a defendant within 120 days after the filing of a complaint. *See* FED.R.CIV.P. 4(m).

The initial complaint was filed on September 23, 2004. *See* Declaration of Nicole Gueron dated November 4, 2005 ("Gueron Decl.") at Ex. B. The complaint was never served on Defendant Luciano. *See* Luciano Decl. ¶ 3; Gueron Decl. at Ex. B. Plaintiff moved for leave to file an amended complaint on July 8, 2005. *See* Gueron Decl. at Ex. B. This Court permitted amended pleadings to be filed by September 16, 2005. *See id.* On September 23, 2005, Plaintiff's attorney filed a certificate of service with this Court detailing the September 8, 2005 delivery of the sum-

---

**2.** This Court and the parties have previously cited to *Armstrong v. Sears,* 33 F.3d 182, 183 (2d Cir.1994) for the proposition that "service upon the United States is not required in actions against federal agents in their individual capacities." *Armstrong,* however, was abrogated by the 2000 amendments to the Federal Rules of Civil Procedure. *See* FED.

R.CIV.P. 4 Advisory Comm. Note (2000 Amendment); *see also Williams v. Witsell,* No. 07 Civ. 243, 2008 WL 5120904, at *1–2 (E.D.Tenn. Dec. 3, 2008).

**3.** This rule was formerly codified as Federal Rule of Civil Procedure 4(i)(2)(B).

mons and copy of the amended complaint to Defendant Luciano's workplace, both by service on an individual at Defendant Luciano's workplace and via United States mail. *See* Gueron Decl. at Exs. B, C. The United States was not served in connection with this action. *See id.* ¶ 3, Exs. B, C. Plaintiff thus failed to adhere to the requirement that Plaintiff serve both the Defendant and the United States.

However, courts must allow a party a reasonable amount of time to cure a failure to serve the United States if the party has served the federal employee who is sued in his individual capacity. *See* FED.R.CIV.P. 4(i)(4)(B). Since Plaintiff served the amended complaint on Defendant Luciano, this Court will permit Plaintiff an additional 60 days in which to serve the United States in the action against Defendant Luciano in his individual capacity.[4]

### ii. Claims Against Defendant Luciano in His Official Capacity

To properly serve a federal government employee who is sued in his official capacity, a plaintiff must serve both the employee and the United States. *See* FED. R.CIV.P. 4(i)(2).[5] As discussed above, Plaintiff has not served the United States.

Courts must allow a party a reasonable amount of time to cure a failure to serve the United States in a suit against a federal officer in his official capacity if the party has served either the United States Attorney or the United States Attorney General. *See* FED.R.CIV.P. 4(i)(4)(A). The docket in this action does not indicate that Plaintiff has served either the United

States Attorney or the United States Attorney General, nor has Plaintiff provided any evidence indicating that he has effected such service. Plaintiff therefore is not entitled to additional time to cure the defect. This Court, nevertheless, will permit Plaintiff an additional 60 days in which to serve the United States in the action against Defendant Luciano in his official capacity, pursuant to Federal Rule of Civil Procedure 4(m). *See* FED.R.CIV.P. 4(m).[6]

### III. CONCLUSION

For the foregoing reasons, Defendant Luciano's motion for reconsideration is GRANTED. Plaintiff is granted 60 days to effect service on the United States for his claims against Defendant Luciano. The Clerk of the Court is directed to terminate docket number 34.

*It is so ordered.*

---

**4.** Since Plaintiff has not effected proper service at this time, this Court need not now reconsider whether Defendant Luciano is entitled to qualified immunity for the claims against him in his individual capacity.

**5.** This rule was formerly codified as Federal Rule of Civil Procedure 4(i)(2)(A).

**6.** Since Plaintiff has not effected proper service at this time, this Court need not now reconsider whether sovereign immunity bars the claims against Defendant Luciano in his official capacity.