Gerald J. McLAMB, Trust Officer of United Insurance Group Trust and United Insurance Group Trust Trustee for Alpha & Omega Chem–Dry, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF TREASURY, Internal Revenue Service, C. Whitney, and J. Long, Revenue Officers Internal Revenue Svcs., Attorney General of the United States, Defendants.

No. CV 93–1695 H (POR).

United States District Court, S.D. California.

Feb. 24, 1994.

John P. Pirkle, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendants U.S. Treasury, IRS, C. Whitney and J. Long.

Robert Plaxico, Asst. U.S. Atty., San Diego, CA, for defendants Atty. Gen. of the U.S.

Gerald J. McLamb, Trust Officer, Phoenix, AZ, for plaintiffs.

ORDER DISMISSING PLAINTIFF'S COMPLAINT AGAINST INDIVIDUAL DEFENDANTS WITH PREJUDICE; DISMISSING WITHOUT PREJUDICE COMPLAINT AGAINST DEFENDANT UNITED STATES

HUFF, District Judge.

## I. INTRODUCTION

The court dismisses with prejudice Plaintiff's complaint against individual Defendants J. Long and C. Whitney, both IRS employees, because the United States is the only proper defendant in this action. The court dismisses without prejudice Plaintiff's complaint against Defendant United States for failure to complete service as required under the Federal Rules of Civil Procedure.

## II. BACKGROUND

Plaintiffs filed this civil action on November 2, 1993. At that time, Plaintiff mailed a copy of its complaint to the Internal Revenue Service in Laguna Niguel, California. Plaintiff did not serve the Attorney General of the United States or the United States Attorney for the Southern District of California.

## III. DISCUSSION

■ Plaintiff's complaint names two individual IRS Revenue Officers, C. Whitney and

J. Long, as defendants. However, Plaintiff alleges that the action is a wrongful levy suit brought pursuant to 26 U.S.C. § 7426. In such a suit, the United States is the only proper party. 26 U.S.C. § 7426 (1988). Moreover, there are neither specific nor general allegations of any action taken by the individual federal defendants outside the scope of their employment. Finally, Plaintiffs seek no relief from those defendants in their individual capacities. Accordingly, the court dismisses with prejudice Plaintiff's claims against Defendants C. Whitney and J. Long pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See generally Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (suit against public servant in his official capacity involves only liability of governmental entity).

■ Hence, the only proper Defendant is the United States of America. Rule 4 of the Federal Rules of Civil Procedure provides that service on the United States requires delivering a copy of the summons and complaint to the United States Attorney (or her designate) for the district where the action is brought and mailing the same by certified or registered mail to the Attorney General of the United States. FED.R.CIV.P. 4(i)(1). In the present case, Plaintiff failed to satisfy either requirement. Accordingly, the court lacks jurisdiction over the United States and must dismiss Plaintiff's complaint without prejudice pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. *Hart v. United States,* 817 F.2d 78, 80 (9th Cir.1987). Plaintiff may refile its complaint if it serves Defendant United States properly.

## IV. CONCLUSION

The court dismisses with prejudice Plaintiff's claims against Defendants C. Whitney and J. Long pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court dismisses without prejudice Plaintiff's claims against Defendant United States pursuant to Rule 12(b)(5).

IT IS SO ORDERED.