Roussell v. USA                    CV-95-247-SD  11/16/95
                 UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Stephanie Roussell

       v.                                    Civil No. 95-247-SD

United States of America



                            O R D E R


       In this civil action, plaintiff Stephanie Roussell brings a

personal injury claim under the Federal Tort Claims Act (FTCA)

against, inter alia, the United States of America for injuries

she received as a result of a single-car motor vehicle accident

in the White Mountain National Forest.

       Presently before the court is the government's motion to

dismiss for insufficiency of service of process pursuant to Rule

12(b)(5), Fed. R. Civ. P.  Plaintiff has objected thereto,[1] and

the government has filed a brief in replication.

_____

       [1]In her objection, plaintiff noted that she had delivered a
copy of the summons and complaint to the Attorney General of the
United States by certified mail/return receipt requested on
October 20, 1995.  Objection ¶ 12.  Plaintiff has subsequently
filed with the court a Notice of Service which indicates that the
Attorney General received said materials on October 24, 1995.
See United States Postal Service Domestic Return Receipt card
(attached to Notice of Service).

## Background

On or about January 9, 1993, plaintiff was driving on a loop road in the Glen Ellis Falls parking area of the White Mountain National Forest when her vehicle encountered a patch of ice on the roadway. Complaint ¶¶ 6, 8, 11. As an alleged consequence thereof, "plaintiff's vehicle went off the right side of the access road, struck an embankment, a large rock and finally a tree stump." Id. ¶ 12. By complaint filed May 9, 1995, plaintiff alleges a single count of negligence against the United States for its failure to provide adequate warnings regarding the condition of the Glen Ellis Falls parking area roadway.

Plaintiff effected service upon the United States Attorney for the District of New Hampshire on August 8, 1995. Government's Motion to Dismiss at 2. However, as of October 20, 1995, plaintiff had failed to effect service upon the Attorney General of the United States. See Declaration of Judith Northrup Prindiville ¶ 3 (attached to Government's Motion to Dismiss as Exhibit C).

## Discussion

Defendant has moved to dismiss the instant action pursuant to Rule 12(b)(5), Fed. R. Civ. P., for insufficiency of service of process. Specifically, defendant asserts that although

2

plaintiff has properly served the United States Attorney for the district in which the action is brought, she has failed to satisfy the further particular requirements of Rule 4(i)(1); namely, to serve a copy of the complaint upon the Attorney General of the United States. Although plaintiff denies that she has failed to comply with Rule 4(i)'s service requirement, see Objection ¶ 6, she indicates that a summons and complaint was delivered to the Attorney General on October 20, 1995, see Affidavit of Craig F. Evans ¶ 3 (appended to Plaintiff's Objection).

"In suits against . . . the United States pursuant to the FTCA, the United States is the real defendant and Rule 4(i)(1) and (2) applies." Armstrong v. Sears, 33 F.3d 182, 187-88 (2d Cir. 1994).[2] "Accordingly, failure to serve the United States as

---

[2]Rule 4, Fed. R. Civ. P., provides in pertinent part:

**(i) Service Upon the United States, and Its Agencies, Corporations, or Officers.**
   (1) Service upon the United States shall be effected
      (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the

3

required by Rule 4(i)(1) and (2) would warrant dismissal pursuant to 4(m) for failure to serve a defendant." Id. at 188.[3]

"Rule 4(i), as amended in 1993, retains much of the text of former subdivisions (d)(4) and (d)(5) . . . . As before, a summons must be served upon both the United States Attorney for the district where the action is brought and the Attorney General of the United States." 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1106, at 30 (Supp. 1995).

> Failure to comply with either or both of these requirements normally will lead to a dismissal of the action, although some federal courts have been more liberal and have permitted the defect to be cured in a range of circumstances, including the barring of a plaintiff's claim because the statute of limitations had run.

Id. at 31; see also McLamb v. United States Dep't of Treasury, 858 F. Supp. 1042, 1043 (S.D. Cal. 1994) (plaintiff's case

---

> complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>     (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia
> . . . .

Rule 4(i)(1)(A)-(B), Fed. R. Civ. P.

[3]The court notes that such dismissal is "without prejudice." Rule 4(m), Fed. R. Civ. P.  Alternatively, the court may "direct that service be effected within a specified time . . . ." Id.

4

dismissed without prejudice for failure to serve both United States Attorney for district and Attorney General of United States).

The court notes, however, that Rule 4 was additionally amended to include the following subsection:

> The court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States <u>if the plaintiff has effected service on either the United States attorney or the Attorney General of the United States.</u>

Rule 4(i)(3), Fed. R. Civ. P. (emphasis added). Although there is little case law governing the interpretation of this new provision, the commentators here indicated that this subsection

> provides that as long as service was properly effected on either the U.S. Attorney or the Attorney General, the failure to effect required service on any other officer, agency, or corporation may be cured by the plaintiff through leave of court, with a time extension allowed for the purpose. <u>The prerequisite is that service was properly made on either the U.S. Attorney or the Attorney General, and the provision should also be construed to allow late service on the other as long as proper service was made on one.</u> In other words, the "officers" included in the phrase "multiple officers" in the provision allowing a cure should include both the U.S. Attorney and Attorney General .
> . . .

David G. Siegel, SUPPLEMENTARY PRACTICE COMMENTARIES TO RULE 4, 28 U.S.C.A. Rule 4, § C4-27, at 73 (West Supp. 1995) (emphasis

5

added); see also 4A WRIGHT & MILLER, supra, § 1106, at 30 ("Paragraph (3) saves the plaintiff from the risk of losing a substantive right because of a failure to comply with the complex requirements of multiple service under this subdivision. This provision should be read in conjunction with the provision for relation back of amendments in Rule 15(c)."); 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, ¶ 4.14[2], at 4-276 (1995) ("Rule 4(i)(3), added by the 1993 amendments, is intended to avoid the risk of the loss of a substantial right for failing to correctly effect multiple service.").

Insofar as plaintiff has correctly served the United States Attorney for the District of New Hampshire, this case is put squarely within the savings clause of Rule 4(i)(3). Given "the simple manner in which the service deficiency can be cured, and the absence of any articulated prejudice to the government," Roque v. United States, 857 F.2d 20, 22 (1st Cir. 1988) (per curiam), the court finds that dismissal, even without prejudice, is too harsh a sanction.[4] Accord Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993), cert. denied sub nom., Grosnick v.

---

[4]The court does note, however, the government's repeated efforts to ensure literal compliance with the dictates of Rule 4(i). See Letters from T. David Plourde, Assistant U.S. Attorney, to Attorney Craig F. Evans dated July 14, 1995, and August 9, 1995 (attached to Government's Reply Memorandum of Law as Attachments 1 and 3).

Embriano, ___ U.S. ___, 114 S. Ct. 1057 (1994). Moreover, as of the date of this order, plaintiff has cured the alleged deficiency by serving the Attorney General of the United States in the manner contemplated by Rule 4(i)(1)(B). In consequence thereof, the government's motion must be and herewith is denied.

<u>Conclusion</u>

For the reasons set forth herein, the government's motion to dismiss for insufficient service of process (document 4) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

November 16, 1995

cc:  Craig F. Evans, Esq.
     T. David Plourde, Esq.

7